IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

ELDEN ALEXANDER, JR.                                            PLAINTIFF

V.                                    NO. 13-5016

CAROLYN W. COLVIN,[1]
Acting Commissioner of the Social Security Administration        DEFENDANT

## MEMORANDUM OPINION

Plaintiff, Elden Alexander, Jr., brings this action pursuant to 42 U.S.C. § 405(g), seeking

judicial review of a decision of the Commissioner of the Social Security Administration

(Commissioner) denying his claims for a period of disability and disability insurance benefits

(DIB) and supplemental security income (SSI) under the provisions of Titles II and XVI of the

Social Security Act (Act). In this judicial review, the Court must determine whether there is

substantial evidence in the administrative record to support the Commissioner's decision. See

42 U.S.C. § 405(g).

I.      **Procedural Background:**

Plaintiff protectively filed his applications for DIB and SSI on May 13, 2010, alleging

an inability to work since June 25, 2009,[2] due to degenerative disc disease, arthritis, and Raynaud

Phenomenon. (Tr. 51, 131-132, 138-141, 154-155,160). An administrative hearing was held on

_____

[1]Carolyn W. Colvin, has been appointed to serve as acting Commissioner of Social Security, and is substituted as
Defendant, pursuant to Rule  25(d)(1) of the Federal Rules of Civil Procedure.

[2]Plaintiff originally alleged the onset date as March 1, 2007. (Tr. 154). However, as indicated at the hearing,
another case Plaintiff had pending in federal court was resolved, and Plaintiff's attorney agreed the new onset
date was June 25, 2009. (Tr. 49, 51).

AO72A
(Rev. 8/82)

October 17, 2011, at which Plaintiff appeared with counsel and testified. (Tr. 46-63).

By written decision dated February 1, 2012, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe - chronic obstructive pulmonary disease (COPD), degenerative disc disease of the spine, and obesity. (Tr. 16). However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 16). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except reduced by only occasional stooping.

(Tr. 17). With the help of the vocational expert (VE), the ALJ determined that during the relevant time period, Plaintiff could perform such jobs as production assembler and hotel housekeeper. (Tr. 20).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on December 19, 2012. (Tr. 1-3). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 6). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 11, 12).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

## II.    Applicable Law:

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F. 3d 576, 583 (8th Cir.

AO72A
(Rev. 8/82)

2002).  Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  The ALJ's decision must be affirmed if the record contains substantial evidence to support it.  Edwards v. Barnhart, 314 F. 3d 964, 966 (8th Cir. 2003).  As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently.  Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001).  In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  Young v. Apfel, 221 F. 3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity.  Pearsall v. Massanari, 274 F. 3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A).  The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. §§423(d)(3), 1382(3)(D).  A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant had engaged in substantial gainful activity since filing his claim; (2) whether the claimant had a severe physical and/or

-3-

mental impairment or combination of impairments; (3) whether the impairment(s) met or equaled

an impairment in the listings; (4) whether the impairment(s) prevented the claimant from doing

past relevant work; and (5) whether the claimant was able to perform other work in the national

economy given his age, education, and experience.  See 20 C.F.R. §416.920.  Only if the final

stage is reached does the fact finder consider the Plaintiff's age, education, and work experience

in light of his residual functional capacity (RFC).  See McCoy v. Schneider, 683 F.2d 1138,

1141-42 (8th Cir. 1982);  20 C.F.R. §416.920.

**III.    Discussion:**

Plaintiff's argument on appeal is that the ALJ's decision is not supported by substantial

evidence as a whole, because the ALJ committed error when he failed to consider all of the

relevant evidence in determining Plaintiff's RFC. (Doc. 11).

RFC is the most a person can do despite that person's limitations. 20 C.F.R. §

404.1545(a)(1).  It is assessed using all relevant evidence in the record. Id.  This includes medical

records, observations of treating physicians and others, and the claimant's own descriptions of

his limitations.  Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v.

Barnhart, 390 F.3d 584, 591 (8th Cir. 2004).  Limitations resulting from symptoms such as pain

are also factored into the assessment.  20 C.F.R. § 404.1545(a)(3).  The United States Court of

Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a

medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001).  Therefore, an ALJ's

determination concerning a claimant's RFC must be supported by medical evidence that

addresses the claimant's ability to function in the workplace.  Lewis v. Barnhart, 353 F.3d 642,

646 (8th Cir. 2003).  "[T]he ALJ is [also] required to set forth specifically a claimant's

-4-

limitations and to determine how those limitations affect his RFC." Id.

Plaintiff argues that the ALJ made no reference to Dr. C. R. Magness' report dated November 15, 2007, wherein he reported that Plaintiff would have moderate to severe limitations in his ability to walk, lift, and carry, as well as being moderately limited in his ability to stand. However, as noted by Defendant, such report is outside the relevant time period. In fact, after June 25, 2009, the onset date, the only medical records in the file are the General Physical Examination of Dr. Neil D. Mullins dated June 8, 2010, the Physical RFC Assessment of non-examining consultant Dr. Charles Friedman, and the Case Analysis of Patricia McCarron, dated July 24, 2010. (Tr. 205, 213, 223).

In Dr. Neil Mullins General Physical Examination report dated June 8, 2010, which is during the relevant time period, Dr. Mullins found Plaintiff had normal range of motion in his extremities, except he found some limited range of motion in his hips (70% where 100% is normal) and lumbar spine (70% where 90% is normal). (Tr. 207). The ALJ noted that Dr. Mullins appeared to indicate that Plaintiff had some limitations in his ability to see, talk, walk, stand, and sit, but did not describe the extent of the limitations. (Tr. 19). Dr. Mullins also found Plaintiff had no muscle weakness, no muscle atrophy, stood and walked without assistive devices, walked on heel and toes, could squat and arise from a squatting position, and had 100% normal grip in both hands. (Tr. 19, 208). The ALJ gave some weight to Dr. Mullins' opinion. The ALJ also had before him the June 15, 2010 Physical RFC Assessment, wherein Dr. Charles Friedman found the medical records supported a medium RFC. (Tr. 220). The ALJ gave his opinion no weight because he found Plaintiff was more reasonably limited to light work activity. (Tr. 19). The ALJ also considered Plaintiff's obesity, and took it into account in reaching his

AO72A
(Rev. 8/82)

conclusions. (Tr. 19).

Based upon the record as a whole, and the reasons given in Defendant's well-stated brief, the Court finds there is substantial evidence to support the ALJ's RFC determination.

**IV.    Conclusion:**

Accordingly, having carefully reviewed the record, the undersigned finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision should be affirmed. The undersigned further finds that the Plaintiff's Complaint should be dismissed with prejudice.

DATED this 13th day of March, 2014.

/s/ Erin L. Setser
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)